## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| TELESCOPE MEDIA GROUP, *a Minnesota corporation*, and CARL LARSEN and ANGEL LARSEN, *founders and owners of Telescope Media Group*,<br><br>                Plaintiffs,<br><br>v.<br><br>REBECCA LUCERO, *in her official capacity as Commissioner of the Minnesota Department of Human Rights*, and KEITH ELLISON, *in his official capacity as Attorney General of Minnesota*,<br><br>                Defendants. | Civil No. 16-4094 (JRT/LIB)<br><br>**ORDER GRANTING**<br>**PRELIMINARY INJUNCTION** |

    Jeremy D. Tedesco and Jacob Paul Warner, **ALLIANCE DEFENDING FREEDOM**, 15100 North 90th Street, Scottsdale, AZ 85260, and Renee Carlson, **CARLSON LAW, PLLC**, 855 Village Center Drive, Suite 259, St. Paul, MN 55127, for plaintiffs.

    Liz Kramer, Janine Kimble, and Hillary A. Taylor, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

On January 13, 2017, Plaintiffs Carl and Angel Larsen and Telescope Media Group (collectively, the "Larsens") filed a motion for a preliminary injunction. The Larsens sought an order preventing Defendants Commissioner of the Minnesota Department of Human Rights Rebecca Lucero and Minnesota Attorney General Keith Ellison[1] from

---

[1] Pursuant to Fed. R. Civ. P. 25(d) Lucero and Ellison are substituted for the original defendants. (Notice, Oct. 15, Docket No. 67.)

enforcing the Minnesota Human Rights Act ("MHRA") as applied to the Larsens' potential future wedding-videography business.  Specifically, the Larsens sought prospective relief from Minnesota Statutes §§ 363A.11, subd. 1 and 363A.17, subd. 3, so that they could undertake the "expressive business of producing films (a) promoting marriage exclusively as an institution between one man and one woman, and (b) declining to create films that express ideas that conflict with their beliefs about marriage." (Pls.' Mot. for Prelim. Inj. ¶ 11, Docket No. 14.)

The parties briefed the issue and the Court heard oral argument on May 26, 2017. (Docket No. 49.)  On September 20, 2017, the Court denied the Larsens' motion for preliminary injunction as moot after granting Defendants' motion to dismiss.  (Order, Docket No. 53.) On August 23, 2019, the Eighth Circuit reversed the dismissal in part, and instructed the Court to "consider in the first instance whether the Larsens are entitled to a preliminary injunction."  *Telescope Media Grp. v. Lucero*, 936 F.3d 740, 762 (8th Cir. 2019).

On October 3, 2019, the parties filed a joint stipulation requesting the Court enter a preliminary injunction.  (Docket No. 63.)  Based on the stipulation of the parties, and all of the files and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants may not enforce Minnesota Statutes §§ 363A.11, subd. 1 and 363A.17, subd. 3 as applied only to Plaintiffs' production of exclusively heterosexual wedding videos and the accompanying contractually mandated public promotion of those videos.

2. This preliminary injunction shall remain in effect until further order of this Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 4, 2019　　　　　　_____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court