**RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER (Non-Patent Cases)**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TELESCOPE MEDIA GROUP, a Minnesota corporation; CARL LARSEN; ANGEL LARSEN, the founders and owners of Telescope Media Group,<br><br>      Plaintiffs,<br><br>      v.<br><br>REBECCA LUCERO, in her official capacity as Commissioner of the Minnesota Department of Human Rights; KEITH ELLISON, in his official capacity as Attorney General of Minnesota,<br><br>      Defendants. | CIVIL FILE NO. 0:16-cv-04094-JRT-LIB<br><br>RULE 26(f) REPORT |

_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, in November and early December 2019, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is not yet scheduled, but will be held before the United States Magistrate Judge Leo I. Brisbois at the U.S. Courthouse in Duluth, Minnesota. Counsel for both parties plan to appear in person.

(a) Description of the Case.

   (1) Concise factual summary of plaintiff's claims:

Plaintiffs claim that Defendants have violated their free speech and free exercise rights under the First Amendment. Defendants interpret the Minnesota Human Rights Act, Minn. Stat. §§ 363A.11, subd. 1 and 363A.17, subd. 3 ("MHRA") (1) to force Plaintiffs to create and publish wedding films that express messages in conflict with their beliefs about marriage, (2) to contract to do the same, and (3) to ban Plaintiffs from

publishing speech explaining the messages that they will not express through their custom wedding films and the religious reasons why.

Although Plaintiffs asserted additional claims under the First and Fourteenth Amendments, this Court dismissed those claims, and its dismissal as to those claims was affirmed on appeal at the Eighth Circuit.

(2) Concise factual summary of defendants' claims/defenses:

Defendants argue that it does not violate the First Amendment to prohibit Plaintiffs from categorically denying their wedding videography services to same-sex couples, if they otherwise make those same services available to the public. Defendants further argue that Defendants have a compelling state interest in ending sexual orientation discrimination, and applying those anti-discrimination laws to Plaintiffs' wedding videography services is narrowly tailored to meet that compelling state interest. Defendants further argue that prohibiting same-sex discrimination in Plaintiffs' wedding videography business does not force Plaintiff to express messages that conflict with Plaintiffs' beliefs.

(3) Statement of jurisdiction (including statutory citations):

This case raises federal questions under the First Amendment to the United States Constitution. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343. This action is brought pursuant to 42 U.S.C. § 1983.

(4) Summary of factual stipulations or agreements:

The parties have not agreed upon stipulated facts. On October 3, 2019, the parties stipulated that the Court should enter a preliminary injunction that would stop Defendants, and any person acting in concert with them, from enforcing MHRA as applied to Plaintiffs' "expressive business of producing films (a) promoting marriage exclusively as an institution between one man and one woman, and (b) declining to create films that express ideas that conflict with their beliefs about marriage." (*See* Docs. 63 & 64.) The Court entered the stipulated injunction on November 4, 2019. (Doc. 69.)

(5) Statement of whether a jury trial has been timely demanded by any party:

Neither party has requested a jury trial in this case.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve this matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served. All pleadings (Amended Complaint and Answer) have been filed. Plaintiffs do not anticipate amending their pleading, or adding more parties to the action.

(c) Fact Discovery.

The parties set forth different plans for discovery where noted. They recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or by:

December 13, 2019.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by:

January 31, 2020.

(3) The parties must commence fact discovery procedures in time to be completed by:

**Plaintiffs' proposal:** July 31, 2020 (expert discovery, if any, would run concurrently).

**Defendants' proposal:** May 29, 2020

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) interrogatories;

25 interrogatories, which is consistent with the default limit established in Fed. R. Civ. P. 33(a).

(B) document requests;

No limit, which is consistent with the default rule established in Fed. R. Civ. P. 34.

(C) factual depositions;

      10, unless a party obtains leave of court, which is consistent with the default rule established in Fed. R. Civ. P. 30(2)(A)(i).

  (D) requests for admissions;

      No limit, which is consistent with the default rule established in Fed. R. Civ. P. 36.

  (E) Rule 35 medical examinations;

      No limit, which is consistent with the default rule established in Fed. R. Civ. P. 35.

  (F) other.

      No more limits, except those that the Federal Rules of Civil Procedure already provide.

(d) Expert Discovery.

  (1) Whether expert witnesses will be presented at the time of trial.

    (A) Plaintiffs do not anticipate calling expert witnesses, but will do so if Defendants elect to call any experts.

    (B) Defendants may call expert witnesses.

  (2) The parties propose that the Court establish the following plan for expert discovery:

    (A) Initial experts.

    Note:  Whichever party's proposed deadline is accepted by the Court would apply to **both parties**.

    (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before:

    **Plaintiffs' proposal:** February 28, 2020.

    **Defendants' proposal:** June 30, 2020.

    (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before:

    **Plaintiffs' proposal:** April 30, 2020.

    **Defendants' proposal:** July 31, 2020

    (B) Rebuttal experts.

        (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before:

        **Plaintiffs' proposal:** May 29, 2020.

        **Defendants' proposal:** August 31, 2020.

        (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before:

        **Plaintiffs' proposal:** July 3, 2020.

        **Defendants' proposal:** September 30, 2020.

(3) All expert discovery must be completed by:

    **Plaintiffs' proposal:** July 31, 2020.

    **Defendants' proposal:** November 30, 2020.

(e) Other Discovery Issues.

    (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery.

    (The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

    **Plaintiffs:** Plaintiffs anticipate needing a protective order that prevents public disclosure of their proprietary business information.

    **Defendants:** Defendants anticipate needing a protective order that permits disclosure of data classified as non-public, not public, or confidential under the Minnesota Government Data Practices Act, Minn. Stat. ch. 13.

    (2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

    The parties agree to produce electronically stored information in native format to the extent practical, and to deliver such information via FTP.

    (3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as

required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.  The parties request the Court to include the following agreement in the scheduling order:

To comply with Fed. R. Civ. P. 26(b)(5), the parties agree that disclosing parties must produce to receiving parties a privilege log within four weeks after relevant disclosures are made.  The parties are not required to log communications between parties and their counsel of record that were created on or after December 6, 2016.

(4) The parties:

   **X** agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

   ☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

   ☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **December 20, 2019**.

(2) Motions seeking to amend the pleadings must be filed and served by **December 20, 2019**.

(3) All other non-dispositive motions must be filed and served by:

30 days after the close of all discovery, except that the deadline for trial motions, such as motions in limine, shall be set on a separate schedule or order from the Court.

(4) All dispositive motions, including those relating to expert discovery must be filed and served by:

**Plaintiffs:** September 25, 2020.

**Defendants:** January 29, 2021.

(g) Trial-Ready Date.

(1)   The parties agree that the case will be ready for trial on or after **120 days after the Court issues an order denying or denying in part the last pending summary judgment motion**.

(2)   The parties propose that the final pretrial conference be held on or before **60 days after the Court issues an order denying or denying in part the last pending summary judgment motion**.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**Defendants:** Defendants are self-insured.

(i) Settlement.

**Plaintiffs:** Although Plaintiffs are willing to consider any settlement offer, Plaintiffs do not believe that settlement conversations or alternative dispute resolution would be productive at this time.

**Defendants:** Defendants do not believe settlement conversations or alternative dispute resolution would be productive at this time.

(j) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

**Plaintiffs:** Plaintiffs would consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

**Defendants:** Defendants do not consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

DATE: 12/09/2019

Jeremy D. Tedesco
Jeremy D. Tedesco, AZ 023497
Admitted Pro Hac Vice
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
Counsel for Plaintiffs

DATE: 12/09/2019	<u>Janine Kimble (w/ permission)</u>
Janine Kimble (#0392032)
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1415
Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on December 9, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Minnesota by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                <u>s/ Jeremy D. Tedesco</u>
                                                Jeremy D. Tedesco

                                                Attorney for Plaintiffs