UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TELESCOPE MEDIA GROUP, a Minnesota corporation, CARL LARSEN and ANGEL LARSEN, the founders and owners of TELESCOPE MEDIA GROUP,<br><br>     Plaintiffs,<br>vs.<br><br>REBECCA LUCERO, in her official capacity as Commissioner of the Minnesota Department of Human Rights; KEITH ELLISON, in his official capacity as Attorney General of Minnesota,<br><br>     Defendants. | Civ. No. 16-CV-04094 (JRT-LIB)<br><br><br><br><br><br>**DECLARATION OF<br>JANINE KIMBLE** |

I, Janine Kimble, declare under penalty of perjury as follows:

  1. I submit this declaration in support of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Voluntary Dismissal with Prejudice in the above-referenced matter.

  2. On December 12, 2019, Defendants served initial disclosures via U.S. mail. Plaintiffs served their initial discourses on December 16, 2019. Plaintiffs and Defendants exchanged correspondence in January, February, and March 2020 regarding Plaintiff's request that Defendants amend their initial disclosures. Plaintiffs served supplemental initial disclosures on February 26, 2020. Defendants served supplemental initial disclosures on March 2, 2020, and March 12, 2020. Plaintiffs have served three documents along with their initial disclosures; Defendants have served no documents.

Following Plaintiffs' March 2, 2020 letter serving supplemental initial disclosures, Defendants are aware of no steps that Plaintiffs have taken to prosecute this action.

3. On October 19, 2020, Defendants inquired whether Plaintiffs would consent to email service of Defendants' first set of discovery. On October 21, 2020, Plaintiffs proposed delaying discovery until the court had a Rule 16 conference. However, Defendants had already served their first set of requests via U.S. mail earlier in the day on October 21 and declined Plaintiffs' proposal. A true and correct copy of Defendants' first set of discovery requests is attached as **Exhibit 1**. I contacted the magistrate judge's chambers on October 26, 2020, to request a Rule 16 conference and a scheduling order, but was informed via a subsequent voicemail that the court considered the case closed. In light of Plaintiffs' request to dismiss this case, Defendants have agreed to multiple extensions of time to respond to the discovery requests. As a result, Plaintiffs have not responded to the requests.

4. In a November 5, 2020 email from Plaintiffs' counsel to Defendants' counsel, Plaintiffs' counsel stated that Plaintiffs wanted to voluntarily dismiss the action, because they had faced "some unique business pressures recently and been negatively affected by the COVID-19 pandemic." They stated that Plaintiffs had left the wedding field and were exploring new business opportunities, some of which may lead them to move out of Minnesota. Plaintiffs' counsel circulated a proposal for dismissal, and on November 20, 2020, Defendants' counsel circulated a response. A true and correct redlined copy of Defendants' proposed stipulation and dismissal order are attached as **Exhibit 2** (proposed stipulation) **& Exhibit 3** (proposed order); all redlined edits reflect

Defendants' proposed edits. In a December 16, 2020 email, Plaintiffs' counsel stated the parties were "too far apart" and they would move to dismiss the action. Plaintiffs' counsel did not state what terms were or were not agreeable to Plaintiffs. Defendants' counsel stated they would not consent to voluntary dismissal.

5. Attached as **Exhibit 4** is a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net, captured on February 27, 2020. At the bottom, there is a statement: "Telescope Media Group exists to glorify God through top-quality media production. Because of TMG's owners' religious beliefs and expressive purposes, it cannot make films promoting any conception of marriage that contradicts its religious beliefs that marriage is between one man and one woman, including films celebrating same-sex marriages." The statement did not appear on the website as of February 14, 2020. Attached as **Exhibit 5** is a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net, captured on February 14, 2020. I visited www.telescopemediagroup.net on January 7, 2021, and did not see the statement.

6. Although public promotion of all videos was allegedly mandatory, Plaintiffs have posted only two wedding videos to their website and YouTube. I have visited Plaintiffs' website (www.telescopemediagroup.net) multiple times since November 9, 2019, and have reviewed images that were captured from the website. I am aware of only two wedding videos which were posted to the website: (a) one titled "Korissa and Jon"; one titled "Hannah and Sam." (*See* **Exhibit 6**, a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net-weddings, captured on February 27, 2020.) Attached as **Exhibit 7** is a true and correct copy of

Telescope Media Group's YouTube channel, captured on February 27, 2020, which shows those two videos posted. Those two wedding videos are still available at https://www.youtube.com/channel/UCKYrf5VHBuf-Se1e7ANEVpQ (last accessed January 7, 2021).

7. Because Plaintiffs have not served answers to Defendants' discovery requests, Defendants do not know where or when the wedding videography services described in Paragraph 6 were provided or the level of control over content Plaintiffs had. Although the opening sequences in both videos state, "A Telescope Media Group Film," and the closing sequences state "Directed by Carl & Angel Larsen" and copyright Telescope Media Group 2020, Defendants have no way of knowing how the videos were created or who was part of the process.

8. Plaintiffs continued to advertise their wedding video services until October 2020. As of October 23, 2020, Plaintiffs' website still had a wedding tab, which included the two wedding videos described above. Attached as **Exhibit 8** is a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net-weddings, captured on October 23, 2020. Attached as **Exhibit 9** is a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net, captured on October 23, 2020. As of October 30, 2020, the website no longer contained a wedding tab. Attached as **Exhibit 10** is a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net, captured on October 30, 2020. As of December 4, 2020, the statement in Paragraph 5 was still on the website. Attached as

**Exhibit 11** is a true and correct copy of the Telescope Media Group webpage, www.telescopemediagroup.net, captured on December 4, 2020.

9. Defendants are unaware of any other marketing efforts made by Plaintiffs between entry of the preliminary injunction on November 4, 2019, and October 30, 2020. Defendants are unaware whether Plaintiffs have attended any wedding fairs.

10. Attached as **Exhibit 12** is a true and correct copy of an opinion written by Attorney General Keith Ellison and Minnesota Department of Human Rights Commissioner Rebecca Lucero, published on the Star Tribune website on October 2, 2019.

11. Through January 5, 2021, the Attorney General's Office has spent 887.7 hours on this matter. Based on the hourly rate of each timekeeper, that is more than $114,000.

FURTHER YOUR DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: January 8, 2020         s/ Janine Kimble
                              JANINE KIMBLE

|#4869809-v1