IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TELESCOPE MEDIA GROUP, a Minnesota corporation, CARL LARSEN and ANGEL LARSEN, the founders and owners of TELESCOPE MEDIA GROUP,<br><br>    Plaintiffs,<br><br> vs.<br><br>REBECCA LUCERO, in her official capacity as Commissioner of the Minnesota Department of Human Rights, and KEITH ELLISON, in his official capacity as Attorney General of Minnesota,<br><br>    Defendants. | Case No. 0:16-cv-04094-JRT-LIB<br><br><br><br>**Chief Judge John R. Tunheim**<br><br>**Magistrate Judge Leo I. Brisbois** |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE UNDER RULE 41(a)(2)**

  Plaintiffs Telescope Media Group and Carl and Angel Larsen seek to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(2). Both parties agree that (1) this Court should dismiss this case with prejudice and (2) each party should bear their own costs and attorneys' fees. Because any dismissal with prejudice would automatically dissolve the preliminary injunction, the only dispute is whether Defendants ("Minnesota") deserve *more* than they could otherwise receive from full litigation.

  Specifically, Minnesota seeks to (1) ban Alliance Defending Freedom's speech, (2) ban the Larsens' speech, (3) bar the Larsens from creating wedding films for at least five years, (4) force them to obey Minnesota law under threat

of contempt, (5) force them to answer needless discovery requests, (6) require them to pay attorneys' fees incurred by Defendants in opposing dismissal, and (7) affirm—without precedent—that the dismissal does not stop Defendants from seeking to vacate or modify the Eighth Circuit's decision in this case. Those conditions are unprecedented, unjustified, and unreasonable.

As a general rule, courts grant requests to dismiss a case *with prejudice* in situations like this. Defendants suffer no legal prejudice when they receive all the relief they could obtain in successful litigation. And courts do not typically force unwilling plaintiffs to proceed to trial. Yet Minnesota seeks an exception to this rule because it doubts the Larsens can prove their case, it wished the case had moved faster (even though it never asked this Court to proceed), and it incurred routine litigation costs. But these reasons do not justify forcing everyone to invest even *more* time and *more* resources litigating a moot case—especially when these efforts could lead to a dismissal *without prejudice* with none of the conditions Minnesota seeks here.

This Court should enter an order dismissing this case on the reasonable terms that both sides agree to: (1) that it be dismissed with prejudice and (2) that each party should bear their own costs and attorneys' fees.

## Argument

This Court should follow the general rule and grant the requested dismissal with prejudice because Minnesota will not suffer legal prejudice.

### I. This Court should follow the general rule and grant the Larsens' requested dismissal with prejudice.

Rule 42(a)(2) allows for dismissal by court order after the opposing party has served an answer or motion for summary judgment and without the

consent of all parties who have appeared. The decision to dismiss under this rule is often guided by certain factors, including potential legal prejudice to the nonmoving party. *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941 (8th Cir. 1999). But where, as here, the plaintiff's motion "specifically requests[s] that [the dismissal] be with prejudice," many courts have held "that the district court *must* grant that request." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (4th ed. 2020) (emphasis added).

That logic makes sense. A dismissal with prejudice under Rule 41(a)(2) operates as "a complete adjudication on the merits of the dismissed claim." *Harrison v. Edison Bros. Apparel Stores Inc.*, 924 F.2d 530, 534 (4th Cir. 1991). This outcome "insulates" defendants "from further litigation arising out of the dismissed claims." *Harsell v. Va. Motor Lodges, Inc.*, No. 7:17-cv-00389, 2018 WL 2172506, at *2 (W.D. Va., May 10, 2018). Defendants cannot suffer legal prejudice in this situation; they get all they "would have received had the case been completed" in their favor. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990).[1]

The opposite is true for plaintiffs. So as a general rule, this Court "cannot force" the Larsens to keep prosecuting their case after they have requested a dismissal with prejudice. *Master Craft v. Stanley Works*, No. 04-132 (JMR/JSM), 2006 WL 8438190, at *3 (D. Minn. 2006). Indeed, some courts

---

[1] *See also Parsons v. Peninsula Regional Med. Ctr.*, No. MJG-08-3255, 2010 WL 11691930, at *3 (D. Md. May 3, 2010) ("Because a dismissal with prejudice operates as an adjudication on the merits, Defendant would suffer no prejudice since it receives all that could have been obtained from a full trial on the merits and is further protected by the doctrine of res judicata.").

have gone so far as to say courts *always* abuse their discretion when they deny such requests. *See, e.g.*, *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) ("We know of no power in a trial judge to require a lawyer to submit evidence … when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice."); *Century Mfg. Co., Inc. v. Cent. Transport Int'l, Inc.*, 209 F.R.D. 647, 648 (D. Mass. 2002) ("Under such circumstances, courts have found that they are without discretion, and must grant the motion.").

While courts in "a few instances" have denied requests for dismissal with prejudice, in those cases, "the courts have generally found that the dismissal would negatively affect third parties." *Villa Glas G.m.b.H v. Everstone PTY. Ltd.*, No. 6:06-cv-420-Orl-31DAB, 2007 WL 2126296, at *1 (M.D. Fla. July 23, 2007).[2] Defendants cite such a case where the court declined a requested dismissal because it did not end the case and would negatively affect a *co-plaintiff*. *See* ECF No. 76 at 14 (citing *Hudson Eng'g Co. v. Bingham Pump Co.*, 298 F. Supp. 387 (S.D.N.Y. 1969); *York v. Ferris State Univ.*, 36 F. Supp. 2d 976, 979 (W.D. Mich. 1998) (distinguishing *Hudson* on this basis). But here, Defendants show no harm to third parties.

The general rule therefore applies. This Court should grant the Larsens' requested dismissal with prejudice. *See Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 851 (W.D. Mich. 2007) ("It generally is … an abuse of

---

[2] *See, e.g.*, *County of Sante Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (dismissal with prejudice by plaintiff would immunize defendant from suit by intervenors); *Atwood v. Pacific Maritime Ass'n,* 432 F. Supp. 491 (D. Or. 1977) (voluntary dismissal with prejudice of claim against one defendant would be unfair to co-defendant); *Fougner v. I-Flow Corp.*, No. 08-5157 (JRT/JJK), 2010 WL 2557761 (D. Minn. June 23, 2010) (similar).

4

discretion … to deny a plaintiff's request for … dismissal with prejudice."); *Puello v. Citifinancial Servs., Inc.*, 76 Fed. R. Serv. 3d 536 (D. Mass. 2010); 8 James W. Moore, et al., Moore's Federal Practice § 41.40 ("As a general rule, the court lacks discretion to deny" plaintiffs' requests for a "dismissal … with prejudice.").

## II. This Court should grant the requested dismissal because Defendants would suffer no legal prejudice.

The general rule makes sense because defendants suffer no legal prejudice when a case is dismissed with prejudice. The Eighth Circuit has set forth certain factors to consider for a Rule 41(a)(2) dismissal: (1) whether the plaintiff has given a proper explanation for the dismissal, (2) whether a dismissal would waste judicial resources, (3) whether a dismissal will prejudice the defendants, and (4) whether a party is trying to escape an adverse decision or forum shop. *Hamm*, 187 F.3d at 950. None of these factors favors continuing this case.

### A. The Larsens have given a proper explanation for the requested dismissal with prejudice.

As with many others in live-event production, the Larsens have suffered unique business pressures during the COVID-19 pandemic, resulting in a stark downturn in business opportunities in filming live events like weddings. In response to these pressures, the Larsens have stopped creating wedding films, are no longer soliciting wedding film requests, and have taken down the portions of their website dedicated to their wedding business. The Larsens are now exploring new business opportunities, which may require them to move out of Minnesota. *See* Larsen Aff. ¶ 13; ECF No. 73 (explaining this).

This case is now moot. The Larsens no longer have "an intention to engage in a course of conduct arguably … proscribed by a statute," and so do not face a "credible threat of prosecution." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). But this decision was largely outside their control. The Larsens entered the wedding film industry after this Court issued the preliminary injunction (Larsen Aff. ¶¶ 2-8); they filmed two weddings consistent with the terms in their complaint (Larsen Aff. ¶ 7); and clients paid them to do so (Larsen Aff. ¶ 8). They pursued this case in good faith until a global pandemic occurred. And as Defendants note, Minnesota shut down places of public accommodation early last year due to this pandemic.[3]

State executive orders have regulated weddings ever since—limiting weddings to no more than 10 people (Executive Order 20-48, https://bit.ly/2KcGYaX), establishing curfews (Executive Order 20-99, https://bit.ly/3sm9V5s), and even restricting weddings to two or three households (Executive Order 21-01, https://bit.ly/2XFiTN3). Many articles have described the devastating effect of such orders on wedding professionals. *See* Rob Adams, *The Pandemic Videographer Pivot*, https://bit.ly/3nFStoZ, ("[I]t wasn't the economy that changed and forced my business into utter disarray, it was this pandemic."); MusicBed, *5 Wedding Filmmakers' Advice for Navigating the COVID Era*, https://bit.ly/3bAhZcT, ("[W]edding filmmakers" have had "*their* lives and businesses … upended during the pandemic."); Anna Hecht, *Wedding photographer says the pandemic has set her back 'tens of thousands' so far—here's how 5 wedding professionals are*

---

[3] ECF No. 76 n.3 (citing Executive Order 20-04).

*faring*, CNBC.com (Apr. 9, 2020), https://cnb.cx/398nwpl, (The pandemic "has led to a major slowdown in the wedding industry…. Wedding vendors 'have been struggling to keep their businesses up and running.'").

The Larsens respect officials who have had to make hard decisions during this time and they, like many others, are looking for new opportunities to help make ends meet. Larsen Aff. ¶ 13. This outcome is hardly the "reward" they were hoping to achieve through this litigation. ECF No. 76 at 2.

### B. The requested dismissal will not waste judicial time and effort.

The Larsens seek to *avoid* wasting judicial time and effort by dismissing this case with prejudice. The parties need not waste their time and this Court's time by litigating a moot case—especially when the Larsens are requesting a *better* outcome for Minnesota than it could otherwise obtain through a mootness dismissal, which is typically *without prejudice*. *See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."); *Majors v. Professional Credit Mgmt. Inc.*, No. 4:17-cv-00270-AGF, 2018 WL 1251914, at *2 (E.D. Mo. Mar. 12, 2018) ("[T]he Court sees little to be gained from … an expense of judicial resources" to further litigate the case because "a dismissal with prejudice is a final judgment on the merits with res judicata effect.").

### C. Defendants will suffer no legal prejudice from the requested dismissal.

Minnesota cannot show "plain legal prejudice" if this Court enters the requested dismissal with prejudice. *Hoffman v. Alside*, 596 F.2d 822, 823 (8th

Cir. 1979). "[L]egal prejudice is … prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Minnesota says it would suffer prejudice because (1) it does not get the "opportunity to test" the Larsens' allegations (ECF No. 76 at 14),[4] (2) the requested dismissal does not expressly affirm that the preliminary injunction is dissolved (*id.* at 13 n.13), (3) the Larsens did not prosecute the case fast enough (*id.* at 14-16), and (4) Minnesota has incurred "significant" costs (*id.* at 16). None of that constitutes legal prejudice.

*First*, Minnesota's desire to test the Larsens' factual allegations appears to stem from *its* interest in precedent-setting. "Defendants' actual concern does not appear to be legal prejudice in the present case; rather," they "seek to create favorable precedent to try and prevent further claims asserting the *legal theory* presented." *Crenshaw v. Portfolio Recovery Associates, LLC*, 433 F. Supp. 3d 1057, 1062 (W.D. Ky. 2020) (cleaned up; emphasis added).

But that aim is improper. Minnesota is not entitled to an advisory opinion. *See Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."). And this Court should not force the Larsens "to continue to litigate" this case only to let Minnesota "more effectively fend off hypothetical future claims brought by yet unknown litigants who have no relation to the present action."

---

[4] *See* ECF No. 76 at 11 (Defendants arguing that "Plaintiffs cause prejudice to Defendants … when they manufacture a dispute to obtain a desired precedent in an appellate court and then abandon their claims").

8

*Crenshaw*, 433 F. Supp. 3d at 1062; *see Westlands*, 100 F.3d at 97 (no plain legal prejudice just because "a dispute remains unresolved.").[5]

*Second*, the Larsens' requested dismissal *ensures* that the preliminary injunction is dissolved. Such injunctions "cannot survive a final … dismissal" no matter whether its dissolution is expressly mentioned in the final order. *Cypress Barn, Inc. v. W. Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir. 1987); *see U.S. Philips Corp. v. KBC Bank N.V.,* 590 F.3d 1091, 1093 (9th Cir.2010) ("A preliminary injunction … dissolves *ipso facto* when a final judgment is entered in the cause"); *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977) (same). Nonetheless, the Larsens do not object to this Court expressly dissolving the preliminary injunction in the dismissal.

*Third*, while the Larsens have prosecuted this case with diligence, the remedy for excessive delay (in the most egregious cases) is "the stiff penalty of dismissal with prejudice." *In re Fed. Nat'l Mortg. Ass'n Secs., Derivative, ERISA Litigation*, 725 F. Supp. 2d 142, 145 (Dist. D.C. 2010); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Both parties submitted a proposed case management order but had not participated in a Rule 16 conference to resolve outstanding disputes. Minnesota even delayed seeking discovery until shortly before the Larsens moved to dismiss. The State does not show how it has suffered legal prejudice from any delay.

*Fourth*, Minnesota does not suffer legal prejudice from incurring routine litigation costs. It agrees that this case should be dismissed with prejudice

---

[5] *See also Crenshaw*, 433 F. Supp. 3d at 1063 ("Once a plaintiff has offered to dismiss … with prejudice, there is no sense in allowing the [defendant] to play on, just as a sporting event cannot continue once one side has left the field.").

9

"with each party bearing their own costs and attorney's fees." ECF No. 76 at 16. And for good reason. Courts "have almost never" awarded attorneys' fees where plaintiffs have sought a dismissal with prejudice. *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985); *see id.* (Many courts hold that "Rule 41(a)(2) award of fees … is appropriate only when there is independent statutory authority for such an award.").[6] The requested dismissal ensures that neither party (nor this Court) incurs unnecessary expense in this action.

### D. The Larsens are accepting an adverse decision—not seeking to avoid one.

The Larsens are not trying to avoid "an unfavorable outcome." ECF No. 76 at 13. They are accepting one. But Defendants speculate that the Larsens are trying to "evade an adverse dismissal … after discovery demonstrated" their "business was not viable." That is incorrect for three reasons.

*First*, Defendants cite only one case to show that parties may not seek dismissal to escape an adverse decision—*Hamm*. ECF No. 76 at 9, 13. That case and the two it cites for this principle involve voluntary dismissals *without prejudice* where plaintiffs were either forum shopping or had notice that the court was about to direct a verdict for the defendant. *See Hamm*, 187 F.3d at 950; *Int'l Shoe Co. v. Cool*, 154 F.2d 778, 780 (8th Cir. 1946); *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857 n.1 (8th Cir. 1975).[7] Here, the

---

[6] If this case continues, and the Larsens win, they would be entitled to recover attorneys' fees. *See* 42 U.S.C. § 1988. But the Larsens do not seek *any* legal fees as part of their requested dismissal with prejudice.

[7] *But see Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir.1984) (affirming Rule 41(a)(2) voluntary dismissal even though plaintiff had presented four of five witnesses at trial, and trial judge had indicated that a directed verdict for defendant should be expected).

10

Larsens seek to dismiss *with prejudice* at an early stage; res judicata bars relitigation; and the dismissal is a permanent adverse decision against them.

*Second*, discovery has yet to occur. While the parties have submitted a proposed scheduling order (ECF No. 72), this Court has neither approved it nor addressed the parties' disputes. And while both parties have exchanged initial disclosures and Minnesota recently issued written discovery requests, in no way has "discovery demonstrated" anything in this case. ECF No. 76 at 11. The State shows no facts proving the Larsens' wedding film business was not viable (but for the pandemic) or that this Court is soon to enter an adverse decision against them on that basis. Minnesota merely offers speculation.[8]

*Third*, Minnesota admits it needs discovery to test whether its theory is correct. ECF No. 76 at 12-14. But even the initial disclosures rebut the State's theory. Soon after this Court entered the preliminary injunction, the Larsens adopted a wedding film contract (Ex. A), updated their website (Larsen Aff. ¶ 4), and began advertising wedding films (*id.*). Before the pandemic, two couples hired the Larsens to produce wedding films. *Id*. ¶¶ 7-8. The Larsens created those films consistent with the terms in their complaint. *Id*. ¶ 7. Then like most other wedding professionals, the Larsens booked fewer weddings once the pandemic hit. *Id*. ¶¶ 9-11. This suggests that the pandemic—not the Larsens' business model—is to fault for fewer wedding requests.

---

[8] The Larsens' counsel—Alliance Defending Freedom—has filed many similar suits around the county. None of them involve a fabricated business. *See, e.g. Brush & Nib Studio, LC v. City of Phoenix*, 448 P.3d 890 (Ariz. 2019); *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:19-cv-851-JRW, --- F. Supp. 3d ----, 2020 WL 4745771 (W.D. Ky. 2020).

11

### III. This Court should reject Defendants' proposed extra conditions.

Both parties agree that (1) this case should be dismissed with prejudice, (2) each party should bear their own costs and attorneys' fees, and (3) the dismissal should dissolve the preliminary injunction. *See* ECF No. 76 at 16-17. This Court should reject Minnesota's proposed extra conditions because the Larsens do not consent to them and they are unjustified.

*First*, the Court should not impose dismissal conditions that the Larsens do not consent to. Dismissal would not be voluntary if such conditions were imposed. *See Fed. Savings & Loan Ins. Corp. v. First Nat'l Bank, Liberty, Mo.*, 4 F.R.D. 313 (W.D. Mo. 1945), *mandamus denied*, 148 F.2d 731 (8th Cir. 1945); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2366 (4th ed. 2020) ("Dismissal would not be voluntary if more onerous or even lesser conditions were imposed by the court.").

*Second*, the extra conditions are unjustified. While Rule 41(a)(2) ensures that defendants may not be treated "unfairly," *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017), that does not mean courts should punish plaintiffs. To begin, some of Minnesota's proposed conditions seek punishments the State could impose only after their *own* successful enforcement action. ECF No. 76 at 18-19 (conditions "d," "e," and "f"). Others seek unconstitutional speech restrictions that ban speech based on content. *Id.* (conditions "d" and "i"); *see Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002) ("The Government may not suppress lawful speech as the means to suppress [even] unlawful speech."). Rule 42(a)(2) is not meant for that.

12

Next, Minnesota's proposed conditions would levy unnecessary and unjust burdens on the Larsens. *See* ECF No. 76 at 19 (conditions "g" and "h"). The State cites no case in which a court has ordered plaintiffs to provide discovery when a case is dismissed with prejudice.[9] And such an order here would force the Larsens and their counsel to respond to excessively broad requests requiring them to review many documents and hours of film for no sound reason. That wastes the Larsens' resources, and it could waste this Court's resources handling discovery disputes *in a dismissed case*.

Likewise, Minnesota shows no support for its request for "attorneys' fees associated with opposing this motion." ECF No. 76 at 19. As a general rule, defendants must at least show "exceptional circumstances" to recover fees. *Carroll v. E One Inc.*, 893 F.3d 139, 149 (3d Cir. 2018). And some courts suggest fees should never be awarded in dismissals with prejudice. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *Smoot*, 353 F.2d at 833. Defendants fall far short of showing exceptional circumstances here.

Finally, Minnesota's last proposed condition asks this Court to declare that the dismissal "does not preclude Defendants from seeking to vacate or otherwise modify the Eighth Circuit's opinion in this matter." ECF No. 76 at 19 (condition "j"). The State gives no basis for that legal conclusion or for this

---

[9] To be sure, when dismissals are *without* prejudice, courts sometimes require parties to (1) preserve discovery if they can refile, *Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992), (2) provide discovery if dismissal does not end the suit, *In re Wellbutrin XL*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010), or (3) participate in later discovery if they can rejoin an existing case, *Lasley v. Academy Ltd.*, No. 4:18-cv-00347, 2018 WL 2997377, at *3 (S.D. Tex. June 12, 2018). But those conditions do not apply where, as here, the *full case* will be dismissed *with prejudice*.

13

Court's power to affect the Eighth Circuit's jurisdiction over this issue. This Court should therefore not address it.

## Conclusion

Like many other small business owners, the Larsens are facing unique struggles during the COVID-19 pandemic. Because they have left the wedding industry with no intent to reenter it, this case is moot. To save everyone's time and resources, the Larsens request to dismiss this case with prejudice.

Dated: January 22, 2021

        Respectfully submitted,

        /s/ Jeremy D. Tedesco

        Jeremy D. Tedesco, AZ 023497*
        Jonathan A. Scruggs, AZ 030505*
        Jacob P. Warner, AZ 033894*
        ALLIANCE DEFENDING FREEDOM
        15100 N. 90th Street
        Scottsdale, Arizona 85260
        (480) 444-0020
        (480) 444-0028 Fax
        jtedesco@ADFlegal.org
        jscruggs@ADFlegal.org
        jwarner@ADFlegal.org

        David A. Cortman, GA 188810*
        Rory T. Gray, GA 880715*
        ALLIANCE DEFENDING FREEDOM
        1000 Hurricane Shoals Road, NE,
        Suite D-1100
        Lawrenceville, GA 30043
        (770) 339-0774
        (770) 339-6744
        dcortman@ADFlegal.org
        rgray@ADFlegal.org

>Renee K. Carlson, MN 0389675
>CARLSON LAW, PLLC
>855 Village Center Drive
>Suite 259
>St. Paul, MN 55127
>(612) 455-8950
>rcarlson@rkclawmn.com
>
>Jordan Lorence, MN 0125210
>J. Caleb Dalton, DC 1033291*
>ALLIANCE DEFENDING FREEDOM
>440 First St. NW, Suite 600
>Washington, DC 20001
>(202) 393-8690
>jlorence@ADFlegal.org
>cdalton@ADFlegal.org
>
>*Admitted Pro Hac Vice*
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk of the Court using the CM-ECF system, which provides an electronic copy of this document to the following:

OFFICE OF THE ATTORNEY GENERAL
STATE OF MINNESOTA
Liz Kramer (#03250859)
Solicitor General
Janine Kimble (#0392032)
Hillary A. Taylor (#0398557)
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1415 (Voice)
(651) 297-7206 (TTY)
liz.kramer@ag.state.mn.us
janine.kimble@ag.state.mn.us
hillary.taylor@ag.state.mn.us

*Attorneys for Defendants*


This 22nd day of January, 2021              /s/Jeremy D. Tedesco
                                            Jeremy D. Tedesco
                                            *Attorney for Plaintiffs*


                                            *Attorney for Plaintiffs*