UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TELESCOPE MEDIA GROUP, *a Minnesota corporation*, and CARL LARSEN and ANGEL LARSEN, *founders and owners of Telescope Media Group*,<br><br>Plaintiffs,<br><br>v.<br><br>REBECCA LUCERO, *in her official capacity as Commissioner of the Minnesota Department of Human Rights*, and KEITH ELLISON, *in his official capacity as Attorney General of Minnesota*,<br><br>Defendants. | Civil No. 16-4094 (JRT/LIB)<br><br>**ORDER** |

Jeremy D. Tedesco, **ALLIANCE DEFENDING FREEDOM**, 15100 North Ninetieth Street, Scottsdale, AZ 85260, and Renee Carlson, **CARLSON LAW, PLLC**, 855 Village Center Drive, Suite 259, St. Paul, MN 55127, for plaintiffs.

Janine Wetzel Kimble, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

Plaintiffs Carl and Angel Larsen and Telescope Media Group move to voluntarily dismiss the action with prejudice under Rule of Civil Procedure 41(a)(2). Defendants Commissioner of the Minnesota Department of Human Rights Rebecca Lucero and

-1-

Minnesota Attorney General Keith Ellison[1] oppose Plaintiffs' Motion. Because Defendants will not suffer legal prejudice if the action is dismissed with prejudice, and because the conditions Defendants seek are not reasonably related to protecting them from legal prejudice, the Court will grant the Motion without conditions.

## BACKGROUND

On December 6, 2016, Plaintiffs initiated a pre-enforcement challenge to the Minnesota Human Rights Act ("MHRA"), arguing that its requirement that they serve same-sex couples seeking wedding video services would violate Plaintiffs' First and Fourteenth Amendment rights to free speech, expressive association, free exercise, equal protection, and due process. (Compl. ¶¶ 185–319, Dec. 6, 2016, Docket No. 1; *see also* Am. Compl. ¶¶ 194–328, Jan. 13, 2017, Docket No. 13.) On January 13, 2017, Plaintiffs sought an injunction to prevent Defendants from enforcing the MHRA as applied to Plaintiffs' potential wedding video business. (Pls.' Mot. Prelim. Inj., Jan. 13, 2017, Docket No. 14.) Defendants filed a motion to dismiss. (Defs.' Mot. Dismiss, Feb. 15, 2017, Docket No. 31.)

On September 20, 2017, the Court denied Plaintiffs' motion for preliminary injunction as moot after granting Defendants' motion to dismiss. *Telescope Media Grp. v. Lindsey*, 271 F. Supp. 3d 1090, 1128 (D. Minn. 2017). The Eighth Circuit reversed the

---

[1] Pursuant to Fed. R. Civ. P. 25(d) Lucero and Ellison are substituted for the original defendants. (Letter, Oct. 15, 2019, Docket No. 67.)

dismissal in part, and instructed the Court to consider whether Plaintiffs were entitled to a preliminary injunction based upon their so-called "hybrid rights" to free speech and free exercise. *Telescope Media Grp. v. Lucero*, 936 F.3d 740, 758, 762 (8th Cir. 2019). The parties then filed a joint stipulation requesting the Court to enter a preliminary injunction, (Stipulation, Oct. 13, 2019, Docket No. 63), which the Court did on November 4, 2019, thereby enjoining Defendants from enforcing Minnesota Statutes §§ 363A.11, subd. 1 and 363A.17, subd. 3 as applied only to Plaintiffs' production of exclusively heterosexual wedding videos and the accompanying contractually self-imposed mandated public promotion of those videos, (Order at 2, Nov. 4, 2019, Docket No. 69.)

Following the issuance of the preliminary injunction, Plaintiffs created a wedding video contract and retooled their website to advertise exclusively heterosexual wedding video services.[2] (Aff. Carl Larsen ¶¶ 2–5, Jan. 22, 2021, Docket No. 81; *see also* Am. Compl. ¶ 158.) Plaintiffs assert that they then received more than ten wedding video inquiries and created two wedding videos.[3] (*Id.* ¶¶ 6–7.) They also state that soon after, their business slowed to a trickle because of live-event restrictions associated with the coronavirus pandemic. (*See id.* ¶¶ 9–11.) As a result, Plaintiffs say that they have now

---

[2] Defendants assert that Plaintiffs' website did not advertise exclusively heterosexual wedding film services until the very end of February 2020. (Decl. Janine Kimble ¶ 5, Jan. 8, 2021, Docket No. 77.)

[3] Defendants suggest that the two wedding videos were posted to Plaintiffs' website at the end of February 2020 as well. (*Id.* ¶ 6.)

turned to producing mostly virtual events. (*Id.* ¶ 13.) They also aver that they exited the wedding industry in the fall of 2020 with no intent to reenter.[4] (*Id.* ¶ 12.)

On October 21, 2020, Defendants served their first set of discovery requests.[5] (Decl. Janine Kimble ¶ 3, Jan. 8, 2021, Docket No. 77.) Afterward, Defendants contacted the Magistrate Judge's chambers to request a Rule 16 conference and scheduling order but were informed that the Court considered the case closed, as Plaintiffs now wished to dismiss the action. (*See id.*)

In November 2020, the parties entered into discussions concerning proposals for dismissal, but by mid-December they had not reached agreement, at which point Plaintiffs stated that they would move to dismiss the action instead. (*Id.* ¶ 4.) On December 18, 2020, Plaintiffs did so pursuant to Rule 41(a)(2), asking that the action be dismissed with prejudice. (Pls.' Mot. Dismiss, Dec. 18, 2020, Docket No. 73.) Defendants oppose the Motion.

## DISCUSSION

If the parties do not stipulate to the dismissal of a party from an action, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal pursuant to Rule 41(a)(2) is

---

[4] Plaintiffs promoted wedding services on their website until late October 2020. (*Id.* ¶ 8.) Even after, however, the website continued to advertise exclusively heterosexual wedding film services until early December 2020. (*Id.*)

[5] The parties served initial disclosures and supplemental initial disclosures from December 2019 through March 2020. (*Id.* ¶ 2.)

a matter for the discretion of the Court.  *Fougner v. I-Flow Corp.*, No. 08-5157, 2010 WL 2557761, at *1 (D. Minn. June 23, 2010) (quotation omitted).

When a plaintiff moves to dismiss an action without prejudice, the Eighth Circuit instructs that a court should consider certain factors: (1) whether the moving party has presented a proper explanation for its desire to dismiss; (2) whether a dismissal would result in a waste of judicial time and effort; (3) whether a dismissal will prejudice the nonmoving party; and (4) whether the moving party is seeking to evade an adverse decision or find a more favorable forum.  *Hamm v. Rhone–Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

However, motions to dismiss with prejudice are distinguishable, especially as they do not confer like advantages in the litigation to the party seeking dismissal.  *Fougner*, 2010 WL 2557761, at *2 (listing examples of possible advantages to be gained when seeking to dismiss an action without prejudice).  Instead, when an action is dismissed with prejudice, the nonmoving party gets everything to which they would have been entitled had they otherwise prevailed.  *Sheridan v. Fox*, 531 F. Supp. 151, 155 (E.D. Pa. 1982).

Moreover, such a dismissal results in a final judgment on the merits and, as a result, does not generally result in legal prejudice to the nonmoving party, *see Cty. of Santa Fe v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002), especially when a case is in the early stages of discovery, *see Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (finding no legal prejudice in an early discovery context even when

dismissing without prejudice)*.* Thus, courts rarely deny Rule 41(a)(2) motions to dismiss an action with prejudice.[6] *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364 (4th ed.).

Here, the Court first notes that it is sympathetic to Defendants' position, as they have been compelled to litigate what has likely been a smoke and mirrors case or controversy from the beginning, likely conjured up by Plaintiffs to establish binding First Amendment precedent rather than to allow them to craft wedding videos, of which they have made exactly two. However, because Defendants will be entitled to a final judgment on the merits in their favor and will not be legally prejudiced, and because there are no other parties to the litigation or third-party concerns, the Court will grant Plaintiffs' Motion.

The Court will also grant the Motion without attaching Defendants' proposed conditions, both because Defendants will not be legally prejudiced by an unconditional dismissal of the action and because their proposed conditions are not reasonably related

---

[6] In the rare case in which a third party may be prejudiced by a dismissal with prejudice, a court may deny such a motion*. See, e.g.*, *Santa Fe,* 311 F.3d at 1048 (unfair to intervenors); *Atwood v. Pac. Mar. Ass'n,* 432 F. Supp. 491, 495 (D. Or. 1977) (unfair to codefendant); *cf. Hudson Eng'g Co. v. Bingham Pump Co.*, 298 F. Supp. 387, 388–89 (S.D.N.Y. 1969) (granting the motion, but with conditions, to protect a coplaintiff). Or a court may do so when a defendant would be precluded from bringing third-party claims. *See, e.g.*, *Fougner*, 2010 WL 2557761, at *3. But neither prejudice to a third-party nor the preclusion of third-party claims is implicated here.

to protecting them from legal prejudice.[7]  *See id.* § 2366; *see also In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) ("The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case.").

Finally, a preliminary injunction cannot survive a final order of dismissal.  *Accord U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093–94 (9th Cir. 2010).  The Court will therefore dissolve the November 4, 2019 preliminary injunction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEARBY ORDERED** that:

1. Plaintiffs' Motion to Dismiss [Docket No. 73] is **GRANTED without conditions.**

2. The action is **DISMISSED with prejudice.**

3. The parties are to bear their own costs and attorney fees.

**IT IS FURTHER ORDERED** that the Preliminary Injunction [Docket Nos. 69 & 70] shall be **DISSOLVED** upon entry of final judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[7] Furthermore, Plaintiffs have made it clear that they would not be amenable to the proposed conditions, and the Court thus assumes that they would likely withdraw the Motion if such conditions were imposed.  Given such a scenario, "denial of the motion would be futile, as [Plaintiffs] could refuse to proceed, in which event the appropriate sanction would be dismissal with prejudice."  *Sheridan*, 531 F. Supp. at 155.

DATED: April 21, 2021　　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court